UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JAMES HUNTER, Jr., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 04-0303 (PLF) |
| DISTRICT OF COLUMBIA, et al., | ) ) ) |
| Defendants. | ) ) |

MEMORANDUM OPINION

    Plaintiff's *pro se* complaint alleges that his car was stolen in 1988 by individuals involved in a car theft ring operated by employees of the District of Columbia Metropolitan Police Department, and that agents of the District of Columbia government committed fraud against him by not entering his car's vehicle identification ("VIN") number in the stolen vehicle database maintained by the National Crime Information Center ("NCIC"), thus allowing his car to be resold without alerting authorities. Defendants argue that plaintiff's complaint should be dismissed because his claims are barred by the statute of limitations; plaintiff argues that the statute of limitations should be tolled because defendants' fraudulent conduct prevented plaintiff from discovering the facts giving rise to his claim until 2004. Without passing on the parties' arguments regarding the statute of limitations, the Court dismisses the complaint for lack of subject matter jurisdiction because plaintiff fails to meet the amount in controversy requirement of 28 U.S.C. § 1332(a).

    Plaintiff alleges that in 1988, his father reported the theft of plaintiff's 1983 Isuzu Impulse to an "Officer Thompson" of the District of Columbia Metropolitan Police Department

("MPD"), who stated that the car's VIN number would be submitted to the NCIC and that if anyone subsequently tried to register the vehicle, the NCIC would be notified.  See Complaint at 1-2.  Plaintiff asserts that after years of attempting to track his car down, he finally received notice from an official of the Virginia State Department of Motor Vehicles that plaintiff's VIN number matched that of a vehicle currently registered in Virginia.  See id.

The complaint asserts that officers of the MPD intentionally failed to submit plaintiff's VIN number to the NCIC so that unnamed persons could sell the car without fear of detection.  Plaintiff asserts claims of "forgery, negligence, fraud, intentional dereliction of duty, undue hardship, police corruption and emotional distress."  Compl. at 1.  Defendants in this case are the District of Columbia, Officers William Thompson and Stephen S. Travers of the MPD, and Teletype Operator "Mr. Magruder" (no first name provided).

Federal courts are courts of limited jurisdiction, with the ability only to hear cases entrusted to them by a grant of power contained in either the Constitution or in an act of Congress.  See Srour v. Barnes, 670 F. Supp. 18, 20, (D.D.C. 1987) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511 (1973)).  Although defendants argue for dismissal only on the ground that the complaint is barred by the statute of limitations, subject matter jurisdiction "goes to the foundation of the court's power to resolve a case, and the court is obliged to address it *sua sponte*."  Doe by Fein v. District of Columbia, 93 F.3d 861, 871 (D.C. Cir. 1996).

In considering whether to dismiss a complaint for lack of subject matter jurisdiction, the court must accept all of the factual allegations in the complaint as true, but may consider materials outside the pleadings.  See Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005).  "[W]here necessary, the court may consider the complaint

supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Herbert v. National Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992). While the complaint is to be construed liberally, the Court need not accept factual inferences drawn by plaintiff if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. See Primax Recoveries, Inc. v. Lee, 260 F. Supp.2d 43, 47 (D.D.C. 2003).

Plaintiff asserts that subject matter jurisdiction arises under 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1345 (United States as plaintiff). Because the complaint asserts only common law causes of action, however, and the United States is not a plaintiff, the only possible source of federal jurisdiction in this case is diversity. The diversity statute, 28 U.S.C. § 1332(a)(1), provides for federal jurisdiction over civil actions between citizens of different states, but only where the amount in controversy, exclusive of interest and costs, exceeds $75,000. See 28 U.S.C. § 1332(a).[1]

When the court considers whether a claim meets the amount in controversy requirement, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938) (footnotes omitted). Nonetheless, if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount," dismissal is justified. Id. In short, "the Supreme Court's yardstick demands that courts be very confident that a party cannot recover the jurisdictional amount before dismissing the case for want of jurisdiction." Rosenboro v. Kim, 994 F.2d 13, 17 (D.C.

---

[1] Plaintiff also claims that jurisdiction exists pursuant to 18 U.S.C. §§ 205, 209, and 216(b) & (c). See Plaintiff's Motion to Deny Defendant's Motion to Set Aside Default Judgement at 3. These, however, are criminal statutes that create no private right of action.

Cir. 1993). The D.C. Circuit has found jurisdiction to be lacking when, based on the pleadings, it would be highly improbable that the amount in controversy could exceed the jurisdictional threshold, and when plaintiff submits no evidence to the contrary. See id. at 18 (holding that, because plaintiff failed to produce any evidence indicating that she could prove nearly $48,000 in unliquidated damages arising from an automobile crash resulting in medical expenses of $2,130, there was a legal certainty that plaintiff's claim did not satisfy amount in controversy requirement).

The complaint asserts claims of "forgery, negligence, fraud, intentional dereliction of duty, undue hardship, police corruption and emotional distress," and seeks compensatory and punitive damages of $60 million. Compl. at 1; see also Motion for Default Judgement (March 29, 2004). No private cause of action for forgery, intentional dereliction of duty, undue hardship or police corruption exists in the District of Columbia. Construed most favorably, the complaint asserts only claims of negligence, fraud, intentional infliction of emotional distress, and the conversion of plaintiff's car.[2]

Plaintiff's potential recovery on his tort claims is limited to compensation for the harm he sustained, plus any punitive damages awarded to punish defendants for their "outrageous conduct" and to deter such conduct in the future. See RESTATEMENT (SECOND) OF TORTS §§ 903, 908. The only harm plaintiff asserts is the loss of his vehicle, whose value at the time of its theft was no more than $5500. See Metropolitan Police Department Event Report (August 5,

---

[2] Conversion is "any unlawful exercise of ownership, dominion or control over the personal property of another in denial or repudiation of his rights thereto." Curaflex Health Servs. v. Bruni, P.C., 877 F. Supp. 30, 32 (D.D.C. 1995) (quoting Duggan v. Keto, 554 A.2d 1126, 1137 (D.C. 1989); see also RESTATEMENT (SECOND) OF TORTS § 222A(1).

1988), Att. to Compl. (reporting value of vehicle at time of theft to be $5500).[3]  Plaintiff does not allege that his reliance on defendants' allegedly false statements caused him any injury beyond his continuing inability to recover his vehicle.  Although plaintiff appears to assert a legal claim of "emotional distress," the complaint makes no factual allegations of emotional distress or any other non-pecuniary injury resulting from defendants' actions.  On the basis of plaintiff's factual allegations and the documents filed by plaintiff, then, plaintiff's compensatory damages (exclusive of interest and fees) amount to no more than $5500.

Plaintiff also asks for punitive damages, which the Court must consider in determining the jurisdictional amount.  See Kahal v. J. W. Wilson & Assocs., Inc., 673 F.2d 547, 548 (D.C. Cir. 1982).  When the existence of federal jurisdiction depends on a claim for punitive damages, the court should "scrutinize the punitive damage claim to ensure that it has at least a colorable basis in law and fact. . . . Liberal pleading rules are not a license for plaintiffs to shoehorn essentially local actions into federal court through extravagant or invalid punitive damage claims."  Id.

Punitive damages may be awarded in a tort action if the defendant's tortious behavior is accompanied by "fraud, ill will, recklessness, wantonness, oppressiveness, wilful disregard of the plaintiff's right, or other circumstances tending to aggravate the injury."  Butera v. District of Columbia, 235 F.3d 637, 657 (D.C. Cir. 2001) (quoting Jonathan Woodner Co. v. Breeden, 665 A.2d 929, 938 (D.C. 1995)).  Plaintiff does allege fraud and corruption, and the

---

[3]   In all probability this is an overstatement of the car's value at the time it was stolen.  One of plaintiff's exhibits, an application for a certificate of title completed after the vehicle's post-theft resale in 1988, reports a purchase price of $1830.  See Ex. 1 to Opposition to Defendant's Motion for Dismissal.  This figure is corroborated by an October 8, 1988 police auction receipt also listing a purchase price of $1830.  See id.

Court cannot find "to a legal certainty" that the conduct alleged by plaintiff would not justify an award of punitive damages. To meet the $75,000 amount in controversy requirement, however, would mean that plaintiff would be likely to receive a punitive damage award of more than $69,500 – an amount almost thirteen times the compensatory damages claimed.

Constitutional guarantees of due process "prohibit[] the imposition of grossly excessive or arbitrary punishments on a tortfeasor." State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 416-17 (2003); see also Daka v. McCrae, 839 A.2d 682, 697-701 (D.C. 2003) (vacating punitive damage award of 26 times the compensatory damages awarded). Although the Supreme Court has been "reluctant to identify concrete constitutional limits on the ratio between harm . . . to the plaintiff and the punitive damages award," it has observed that "in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. at 424-25. Greater ratios may be constitutionally acceptable only "where 'a particularly egregious act has resulted in only a small amount of economic damages.'" Id. at 425. That is not the case here. A punitive damage award in excess of $69,500 would be unconstitutionally excessive, and not recoverable as a matter of law.[4]

---

[4] The Court notes also that the District of Columbia is immune to punitive damage claims. See Smith v. District of Columbia, 336 A.2d 831, 832 (D.C. 1975) ("The clear weight of authority in the states is that as a general rule there can be no recovery of punitive damages against a municipality absent a statute expressly authorizing it. There is no such statute in this jurisdiction."); see also Newport v. Fact Concerts, 453 U.S. 247, 259 (1981) (municipal governments generally held to be immune to punitive damage claims).

Because the Court finds to a legal certainty that the compensatory damages alleged, in combination with any constitutionally permissible punitive damages award, do not reach the jurisdictional threshold of $75,000 established by 28 U.S.C. § 1332(a), this Court has no subject matter jurisdiction over plaintiff's claims.  Accordingly, the Court must dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

An Order and Judgment consistent with this Memorandum Opinion will issue this same day.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: August 3, 2005